(59 Misc. Rep. 354.)

### PEOPLE v. WENDEL.

(Supreme Court, Criminal Term, New York County. May, 1908.)

CRIMINAL LAW—FORMER JEOPARDY—"FORMER CONVICTION."

    A conviction by a court-martial of a commissioned officer in the National Guard of the state of conduct unbecoming an officer and a gentleman, of conduct to the prejudice of good order and military discipline, and of making a false certificate of account and sentence of dismissal from the service is not a former conviction which will bar a subsequent indictment for grand larceny founded on the same transactions on which the conviction by the court-martial was based.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2914.]

Motion by Louis Wendel to amend his plea to an indictment against him for grand larceny. Motion denied.

Wm. Travers Jerome, Dist. Atty. (John W. Hart, Asst. Dist. Atty., of counsel), for the People.

Abraham Levy, for defendant.

GOFF, J. To an indictment for grand larceny, the defendant interposed a plea of not guilty, and he now moves for leave to amend his plea by adding thereto "that he has already been convicted of the crime charged in this indictment by the judgment of a general court-martial." The application is addressed to the discretion of the court, and the favorable exercise of that discretion is sought for the reason that, after defendant had pleaded, he was in another tribunal prosecuted, convicted, and punished for the crime of which he is accused in the indictment. If the reason so assigned be founded on fact, discretion would be properly exercised in favor of the application, but, if it be not so founded, it would be an idle ceremony to grant that which would be useless. Passing for the moment the important questions of propriety of jurisdiction and the fixed character of the issue framed by the pleading, it is pertinent to inquire whether in any aspect the defendant could on the trial of the indictment be placed in double jeopardy. It is an unquestioned principle that to constitute former jeopardy the court in which the trial was had must have had jurisdiction of the person and of the offense. To properly apply this principle the facts must be ascertained. The defendant was a commissioned officer in the National Guard of the state. For certain alleged facts in connection with his official conduct he was indicted for grand larceny. Subsequently a general court-martial was convened to try him on charges and specifications which were designated as "conduct

unbecoming an officer and a gentleman," "conduct to the prejudice of good order and military discipline," "making a false certificate of account." In substance, the specifications set forth the same transactions on which the indictment is predicated. On these charges and specifications defendant was found guilty and sentenced "to be dismissed from the service." The finding and sentence were approved by the Governor.

It is urged that defendant's case comes squarely within the provisions of the Constitution specified in section 6, art. 1, which says:

"No person shall be held to answer for a capital or otherwise infamous crime (except * * * in cases of militia when in actual service, and the land and naval forces * * * which this state may keep with the consent of Congress in time of peace * * *) unless on presentment or indictment of a grand jury. * * * No person shall be subject to be twice put in jeopardy for the same offense."

The plain meaning of this provision is that a militiaman may be held to answer for a felony by a tribunal having jurisdiction to try him for that grade of crime without the intervention of a grand jury. But without such intervention where is the tribunal in this state which in time of peace is clothed with jurisdiction to hold any man to answer for such a crime? A court-martial has not inherent power to hold or to punish. It has neither original nor general jurisdiction; and whatever authority it may have when called into being is derived solely from the lawmaking power as expressed in the Military Code. Section 95 of that instrument prescribes 18 "offenses" for which punishments may be inflicted by a court-martial; the most severe of which is dismissal from the service with a small fine. While the words "offense" and "crime" may in certain cases be considered synonymous, in this connection, however, there seems to be maintained a clear distinction, for no one of those "offenses" is designated as a crime. It may be that the act constituting the "offense" is in its nature criminal, but the offender is not prosecuted for a crime against society. He is proceeded against for a violation of military law or an infraction of military discipline. If one officer of the National Guard while in active service feloniously killed another officer and a court-martial should find him guilty of "conduct unbecoming an officer and a gentleman" and punish him by "dismissal from the service," it would be a shock to the moral sense to hear it seriously urged that because of a former "conviction" he could not be tried and punished for murder. And that is precisely the extreme to which defendant's contention would lead if sustained and given logical effect. When the Constitution (Id.), and section 4, subd. 3, Cr. Code Proc., say a crime must be prosecuted by indictment except when it arises in the militia, it is not meant that a crime in the militia cannot be prosecuted by other methods than indictment where a court-martial is vested with power; but this court-martial had not the power to prosecute the defendant by any method for the crime of grand larceny, and he knew it, for he ignored the court which convicted and sentenced him while absent. The record of the proceedings says:

"The accused not appearing in person before it, the court proceeded with the trial in accordance with the regulation."

Even if the court had jurisdiction of the crime, it did not acquire jurisdiction of the person, and consequently the trial and conviction must be held null and void as a former judgment of conviction, for to render that available as a plea it must be good in law as well as in fact.

On principle and in the light of authority it may be stated as a rule that a citizen who becomes a citizen soldier is not thereby relieved from liability to the people for a violation of their laws, even though in his military capacity he assumes additional liability for the same violation. In his treatise on Military Law, Mr. Davis says, at page 102:

"Where the trial for the military offense has preceded the civil trial, he [the soldier] cannot plead autrefois acquit or convict to an indictment for the civil crime committed in and by the same act. This for the reason, already stated, that, while the act or omission out of which the offenses grew is the same, the offenses themselves are quite separate and distinct, one being a criminal offense created by the common law or by statute in the jurisdiction within which it was committed, the other a military offense, and as such created by the articles of war or by an enactment of Congress of similar character."

It has been held that a civil court may legally take cognizance of the criminal offense involved without regard to the fact that the soldier had been subjected to trial and conviction by court-martial for his breach of military law or discipline. In such instances the act committed is an offense against the two jurisdictions, and may legally subject the offender to be tried and punished under both. Moore v. Ill., 14 How. 19, 20, 14 L. Ed. 306; Fox v. Ohio, 5 How. 432, 12 L. Ed. 213; United States v. Marigold, 9 How. 560, 13 L. Ed. 257.

The learned counsel for defendant places reliance upon the case of Grafton v. United States, 206 U. S. 383, 27 Sup. Ct. 749, 51 L. Ed. 1084, recently decided by the Supreme Court as a controlling authority. In that case Grafton, a soldier in the army of the United States, stationed in the Philippine Islands, while on duty shot and killed two native Filipinos. He was tried by court-martial for the violation of the sixty-second article of war, in that he feloniously killed the two men, and was acquitted. Subsequently he was prosecuted in the name of the United States in the civil court for the crime of assassination and convicted. At the trial he pleaded in bar the judgment of acquittal by the court-martial. The sixty-second article of war says:

"All crimes not capital * * * which soldiers may be guilty of * * * are to be taken cognizance of by * * * a court-martial according to the nature and degree of the offense, and punished at the discretion of such court."

The court held that Grafton had been placed in double jeopardy, and therefore the conviction on the second trial was quashed.

From the facts in this case there cannot be deduced a rule of authority applicable to the case at bar. They are wholly dissimilar, so dissimilar that that most treacherous form of reasoning by analogy cannot be adopted. In the one case the act constituting the crime took place in a territory held in subjection by military force, in the other the act constituting the military offense took place in a sovereign state

governed by its own laws with the consent of the people. In the one the courts, both civil and military, derive their powers from one source, the United States, which, in turn, derives its powers from the several states; in the other the civil courts derive their powers from an inherited common law and a Constitution. In the one the individual has only such rights as the civil or military laws may accord, in the other the citizen has certain inalienable rights, of which trial by jury is one. In the one the articles of war confer upon a court-martial jurisdiction to try and punish for all crimes not capital committed in times of peace by an officer or soldier of the army, in the other a military code confers jurisdiction on a court-martial to try and punish for certain specified offenses against order and discipline when committed by a citizen soldier. No; that case is not authority to be followed by the courts of this state.

On the law and the facts it cannot otherwise be held than that the defendant has not been placed in jeopardy by the findings and sentence of the court-martial, and that such sentence could not avail on the trial of the indictment as a plea of former conviction.

Motion denied.